THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-00726-BO

| | |
|---|---|
| BRYAN NORTHCUTT, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>COOPER POWER SYSTEMS, LLC, )<br>et al., )<br>)<br>      Defendants. )<br>_____ ) | **ORDER** |

This cause comes before the Court upon Plaintiff's motion for early discovery, labeled "Motion to Expedite Discovery to Take Rule 30(b)(6) Deposition." (DE-35). Plaintiff argues that limited early discovery from Defendant Gamma Insulators Corporation, USA ("Gamma") is necessary to learn the identity of an as-yet unnamed defendant to this products liability action. By deposing Gamma, Plaintiff intends to discover the identity and contact information of the manufacturer of the allegedly defective component of the product that injured him. Although Gamma has identified the company that sold the defective component as Electroporcelana Gamma, SA, Gamma has provided no information as to the manufacturer of the defective component. Plaintiff believes that Gamma is a subsidiary or successor company to the manufacturer of the defective component. Thus, argues Plaintiff, Gamma should be able to identify the manufacturer of the defective component, "or at the very least, to be able to obtain it easily." Pl.'s Mem. Supp. Mot. Exped. Disc. 3 (DE-37). Plaintiff has noticed a 30(b)(6) deposition for Gamma to take place on July 11, 2012 for this purpose. (DE-40).

     Gamma responds that it does not possess the information sought by Plaintiff and that a deposition is therefore unnecessary. In support of its response, Gamma has submitted the

affidavit of Christopher Seguin, Gamma's North American Sales and Marketing Manager and "only employee." Seguin Aff. ¶ 3, DE-44-1. In the affidavit, Mr. Seguin avers that he has "no knowledge regarding the manufacture of the [defective component] that is the subject of this action." *Id*. at ¶ 5. Gamma notes that it already provided Plaintiff the only information it has regarding the defective component—that it was sold by Electroporcelana Gamma—and argues that Plaintiff should seek information from that company instead of Gamma. Further, Gamma asserts that it did not exist until its formation on July 17, 2009, after the defective component was sold, and therefore has no involvement in the events giving rise to this action. Gamma contends it should therefore be dismissed from this action. A hearing is scheduled to take place on July 18, 2012 on Gamma's pending motion to dismiss. (DE-33).

Plaintiff fails to show good cause to permit early discovery. If Gamma's pending motion to dismiss is denied, Plaintiff will be able to depose Gamma and learn whatever information he believes Gamma is withholding. If the motion to dismiss is allowed, Plaintiff may obtain the information he seeks through normal channels of discovery and amend his complaint accordingly. In either event, Plaintiff may not gather information at this early stage from a potentially innocent defendant who should be dismissed from the action altogether. For this reason, Plaintiff's motion to expedite discovery (DE-35) is DENIED.

DONE AND ORDERED in Chambers in Raleigh, North Carolina this 3rd day of July, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE