## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION
## NO. 5:11-CV-726-BO

| | |
|---|---|
| BRYAN NORTHCUTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COOPER POWER SYSTEMS, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on defendant's motion for summary judgment [DE 80]. The motion is now ripe for adjudication. For the reasons stated herein, the defendant's motion for summary judgment is GRANTED.

## BACKGROUND

This is a product liability action seeking recovery based on claims of negligence, and breach of express and implied warranties. Cooper Power Systems, LLC ("Cooper") is the manufacturer of an electrical utility service product known as a Recloser. The subject Recloser "exploded" due to a cracked porcelain bushing, injuring plaintiff who was a lineman for Progress Energy. Defendant now moves for summary judgment.

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts

and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

"A product liability claim grounded in negligence requires the plaintiff to prove (1) the product was defective at the time it left control of the defendant, (2) the defect was the result of the defendant's negligence, and (3) the defect proximately caused plaintiff's damages." *Red Hill Hosiery Mill, Inc. v. Magnetek, Inc.*, 530 S.E.2d 321, 326 (N.C. App. 2000). Similarly, under North Carolina law for breach of express and implied warranties, the plaintiff has the burden of showing that a defect existed at the time a product left defendant's control. *Nicholson v. Am. Safety Utility Corp.*, 476 S.E.2d 672, 676 (N.C. App. 1996) *aff'd and modified on other grounds*, 488 S.E.2d 240 (N.C. 1997). Speculation and conjecture are insufficient to survive summary judgment. *St. Clair v. Gen. Motors Corp.* 10 F. Supp. 2d 523, 532 (M.D.N.C. 1998).

Here, plaintiff cannot show that a defect in the Recloser existed at the time it left Cooper's control and passed into the control of Progress Energy. There are two alternate hypothesis at issue here. In one, the Recloser left the manufacturer with a defect or damage or was damaged during transportation making Cooper liable. In the other, the Recloser was damaged sometime within the 51 day period it was in Progress Energy's possession before the explosion occurred. The plaintiff cannot definitively show the former nor exclude the latter possibility and therefore has not met his burden for summary judgment. Plaintiff speculates and offers conjecture that the damage to the Recloser *could* have happened while in defendant's

2

control. However, this Court does not rely on mere speculation or conjecture when determining summary judgment. Plaintiff bears the burden of proof to show that the damage or defect originated under defendant's control. He has not offered any direct evidence establishing that. His speculative evidence is not enough. Accordingly, defendant's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED. The clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED.

This the ___ day of October, 2013.

<u>Terrence W. Auyl</u>

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3